# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
JENNIFER TOOLE,   \*
                  \*   No. 15-816V
         Petitioner,   \*   Special Master Christian J. Moran
                  \*
v.                \*   Filed: May 10, 2017
                  \*
SECRETARY OF HEALTH   \*   Attorneys' fees and costs.
AND HUMAN SERVICES,   \*
                  \*
         Respondent.   \*
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Michael A. Baseluos, Baseluos Law Firm, San Antonio, TX, for Petitioner;
Linda S. Renzi, U.S. Department of Justice, Washington, DC, for Respondent.

## UNPUBLISHED DECISION ON FEES AND COSTS[1]

After receiving compensation through the Vaccine Program, Jennifer Toole filed a motion for attorneys' fees and costs. **Ms. Toole is awarded $25,972.54**.

\*   \*   \*

Ms. Toole alleged that the influenza vaccine caused her to suffer a shoulder injury related to vaccine administration. Ms. Toole was awarded compensation based on the parties' stipulation. Decision, filed Mar. 30, 2017, 2017 WL 1438492.

On April 13, 2017, Ms. Toole filed the pending motion for attorneys' fees and costs. Ms. Toole requested $25,433.90 in attorneys' fees and $34.50 in attorneys' costs. Additionally, pursuant to General Order No. 9, Ms. Toole states

---

[1] The E-Government Act, 44 § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

that she incurred costs in the amount of $504.14 in pursuit of this litigation. On April 20, 2017, the Secretary filed a response to Ms. Toole's application. The Secretary stated that the case met the statutory requirements for an award of attorneys' fees and costs recommending the undersigned exercise discretion in determining a reasonable award. Resp't's Resp. at 2-3.

The matter is now ripe for adjudication.

\*     \*     \*

Because Ms. Toole received compensation, she is entitled to an award of reasonable attorneys' fees by right. 42 U.S.C. § 300aa−15(e).

The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. This is a two-step process. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1348 (Fed. Cir. 2008). First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. Id. at 1348.

Ms. Toole requests compensation for her attorney, Mr. Michael Baseluos, who is located in San Antonio, TX. Mr. Baseluos billed $257 per hour for 2015, $265 per hour for 2016, and $275 per hour for 2017. Additionally, Mr. Baseluos billed a paralegal rate of $90 per hour for 2015 and $125 per hour for 2016. Some of these rates have previously been awarded. See Depena v. Sec'y of Health & Human Servs., No. 13-675, 2017 WL 1476240 (Fed. Cl. Spec. Mstr. Mar. 30, 2017). Although Depena compensated paralegal work Mr. Baseluos performed at the requested rate of $90 per hour, the proposed paralegal rate in this case is $125 per hour, which is an increase of $35 per hour. Nevertheless, the rate of $125 per hour is reasonable because a 2014 Texas State Bar survey indicated that the median billing rate for paralegals in San Antonio was $121 per hour.[2] The Secretary did not directly challenge any of the requested rates as unreasonable. These proposed rates are accepted as reasonable.

---

[2] State Bar of Texas, Department of Research and Analysis, 2014 Paralegal Division Compensation Survey, available at https://www.texasbar.com/AM/Template.cfm?Section=Demographic_and_Economic_Trends&Template=/CM/ContentDisplay.cfm&ContentID=27563.

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary. See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993). The Secretary also did not directly challenge any of the requested hours as unreasonable. In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness. See Shea v. Sec'y of Health & Human Servs., No. 13-737V, 2015 WL 9594109, at *2 (Fed. Cl. Spec. Mstr. Dec. 10, 2015) ("special masters are not obligated to evaluate an attorney's billing records on a line-by-line basis in making the reasonableness determination . . . and certainly need not do so when Respondent has not attempted to highlight any specific alleged inefficiencies").

Ms. Toole states that tasks which are paralegal in nature were billed accordingly. After reviewing the invoices, two tasks were billed at a paralegal rate. See Pet'r's Mot., at exhibit A. Arguably other tasks performed could have been billed at a paralegal rate ("Draft/revise notice of filing and exhibit list and file same" "Draft/revise notice of intent to remain in program and file same" "Draft/revise notice of filing on petitioner fact affidavit and file same"). The timesheets are otherwise sufficiently detailed, well-documented, and appear reasonable.

In addition to seeking attorneys' fees, Ms. Toole also seeks an award of costs. The costs incurred were for mailings and are reasonable, documented, and awarded in full.

Consequently, Ms. Toole is awarded the full amount of attorneys' fees and costs.

\* \* \*

The Vaccine Act permits an award of reasonable attorneys' fees and costs. §15(e). The undersigned finds $25,468.40 ($25,433.90 in fees and $34.50 in costs) to be a reasonable amount for all attorneys' fees and costs incurred. Ms. Toole is awarded $504.14 for costs personally incurred. The undersigned GRANTS the petitioner's motion and awards **$25,972.54** in attorneys' fees and costs. This shall be paid as follows:

a. **A lump sum of $25,468.40, in the form of a check made payable to petitioner and petitioner's attorney, Michael A. Baseluos, of Baseluos**

> **Law Firm, for attorneys' fees and other litigation costs available under 42 U.S.C. § 300aa-15(e).**
>
> b. **A lump sum of $504.14, in the form of a check made payable to petitioner, Jennifer Toole, for litigation related costs.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[3]

   **IT IS SO ORDERED**.

S/Christian J. Moran
Christian J. Moran
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.